| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **1:22-cr-9** |
| v. | ) | |
| | ) | |
| JACKIE DURHAM | ) | **Judges McDonough / Steger** |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the Defendant, Jackie Durham ("the Defendant"), and the Defendant's attorney, Myrlene Marsa, have agreed upon the following:

1.    The Defendant will plead guilty to the sole count in the Indictment:

Possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).    The punishment for this offense is as follows.

If the Court determines that the Defendant is not an Armed Career Criminal: imprisonment for a term of up to ten years; a fine of up to $250,000; supervised release for up to three years; any lawful restitution imposed by the Court; the forfeiture of any property allowed by law; and a $100 special assessment.

If the Court determines that the Defendant is an Armed Career Criminal: imprisonment for a term of not less than fifteen years to a maximum of life; a fine of up to $250,000; supervised release for up to five years; any lawful restitution imposed by the Court; the forfeiture of any property allowed by law; and a $100 special assessment.

2.    Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, in consideration of the Defendant's plea of guilty, the United States agrees not to prosecute the

Defendant for the potential federal crimes of Possession of Methamphetamine with the Intent to Distribute and Possession of a Firearm in Furtherance of a Controlled Substance Offense arising out of the January 19, 2022 arrest of the Defendant as set forth in paragraph 4 of this plea agreement.

3.      The Defendant has read the Indictment, discussed the charges and possible defenses with Defense Counsel, and understands the crimes charged.   The Defendant is pleading guilty because the Defendant is in fact guilty.

In order to be guilty, the Defendant agrees that each of the following elements of the crime(s) must be proved beyond a reasonable doubt:

        a)      The Defendant was a convicted felon, that is, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;
        b)      Following his conviction, the Defendant knowingly possessed a firearm or ammunition;
        c)      At the time the Defendant possessed the firearm or ammunition, he knew he had been convicted of a crime punishable by imprisonment for more than one year;
        d)      The firearm or ammunition traveled in or affected interstate commerce.

4.      In support of the Defendant's guilty plea, the Defendant agrees and stipulates to the following facts, which the Defendant admits satisfy the offense elements.   These are the facts submitted for purposes of the Defendant's guilty plea.   They do not necessarily constitute all the facts in the case.   Other facts may be relevant to sentencing.   Both the Defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a)      In January 2022 there was an active warrant for the Defendant's arrest.   Law enforcement in McMinn County, Tennessee received information that he was staying in various motels in Athens and was driving a Jeep Cherokee.   Officers located a gold Jeep Cherokee in the parking lot of the Days Inn in Athens.   On January 19, 2022, the Defendant was seen leaving the Days Inn.   Having confirmed the existence of the warrant, law enforcement conducted a traffic stop.

The Defendant was arrested and searched, along with the Jeep, as a trained K9 alerted on the vehicle.

(b)     A loaded Bryco Jennings 9mm handgun was found in the Defendant's waistband. Approximately 15 grams of suspected methamphetamine was found in the Defendant's right front pants pocket.    Also located in the Jeep was $7,413 cash and a safe containing a glass pipe, a set of digital scales, two pipes with hoses, two plastic tubes, a glass container with suspected residue, and plastic bags.    Approximately 31 grams of suspected methamphetamine, 9 round blue tablets displaying "M 30," and a box containing 20 rounds of 9mm ammunition were also located in the safe.

(c)     Tennessee Bureau of Investigation Agent Zack Wilson interviewed the Defendant on scene.    After waiving his *Miranda* rights, the Defendant admitted he was a convicted felon and that he knew convicted felons cannot legally possess firearms.    He said he had the gun for protection.

(d)     If this case had proceeded to trial, an expert would have testified that the Bryco Jennings 9mm handgun referenced above meets the definition of a "firearm" as set forth in the United States Code and was manufactured outside the State of Tennessee.    Therefore, it did travel in and affect interstate commerce.

(e)     At the time the Defendant possessed the firearm he was a convicted felon, having been previously convicted of at least Aggravated Assault and Second Degree Murder.    Further, on the date alleged in the Indictment in this case, the Defendant knew he had been convicted of a felony offense, that is, a crime punishable by imprisonment for a term exceeding one year.    The United States' proof of this fact consists, in part, of the fact that he was sentenced to serve a term of imprisonment for more than one year for at least one of his prior felony convictions.

(f)     The Defendant admits that on January 19, 2022, as charged in the Indictment, he possessed a firearm while he was a convicted felon, and that he was aware at that time that he had been convicted of a crime punishable by imprisonment for more than one year.

(g)     The above-referenced acts and events occurred in the Eastern District of Tennessee.

5.     The Defendant understands that by pleading guilty the Defendant is giving up several rights, including:

(a)     the right to plead not guilty;

(b)     the right to a speedy and public trial by jury;

(c)     the right to assistance of counsel at trial;

(d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the Defendant guilty beyond a reasonable doubt;

(e)     the right to confront and cross-examine witnesses against the Defendant;

(f)     the right to testify on the Defendant's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

(g)     the right not to testify and to have that choice not used against the Defendant.

6.     Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Defendant and the United States agree that a sentence of eighty-four (84) months of incarceration to be followed by a 3-year term of supervised release is the appropriate disposition of this case.   Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate.

In the event the Court declines to accept this agreement, either party will be free to withdraw from this plea agreement.   Furthermore, in the event the Court determines the Defendant is an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e), either party may withdraw from this plea agreement.

7.     The Defendant agrees to pay the special assessment in this case prior to sentencing.

8.      The Defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court.    The Defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately.    If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the Defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.    The Defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate.    The Defendant and counsel also agree that the Defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the Defendant's counsel and outside the presence of the Defendant's counsel.    In order to facilitate the collection of financial obligations to be imposed with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.    In furtherance of this agreement, the Defendant additionally agrees to the following specific terms and conditions:

(a)    If so requested by the United States, the Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.    The Defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b)    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

(c)     If so requested by the United States, the Defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the Defendant.

9.     Unless otherwise limited by an agreed preliminary order of forfeiture, the Defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the Defendant or the Defendant's nominees that were involved in the commission of an offense in violation 18 U.S.C. § 922(g)(1).

The Defendant agrees to forfeit the Defendant's interest in the following:

FIREARM AND AMMUNITION

-     Bryco Jennings 9mm handgun and ammunition

The Defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture.    The Defendant further agrees to make a full and complete disclosure of all assets over which the Defendant exercises control and those which are held or controlled by a nominee.    The Defendant agrees to forfeit all interests in the property as described above and to take whatever steps are necessary to pass clear title to the United States.    These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers.    The Defendant agrees not to object to any civil or criminal forfeiture brought against these properties.    The Defendant agrees to take all such steps to locate such property and to pass title to the United States before the Defendant's sentencing.

10.     The Defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case.    Accordingly, in consideration of the concessions made by the United States in this agreement

and as a further demonstration of the Defendant's acceptance of responsibility for the offense(s) committed, the Defendant voluntarily, knowingly, and intentionally agrees to the following:

(a)    The Defendant will not file a direct appeal of the Defendant's conviction(s) or sentence.

(b)    The Defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the Defendant's conviction(s) or sentence, with two exceptions:    The Defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c)    The Defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11.    This agreement becomes effective once it is signed by the parties and is not contingent on the Defendant's entry of a guilty plea.    If the United States violates the terms of this agreement, the Defendant will have the right to withdraw from this agreement.    If the Defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses.    In addition, the United States may prosecute the Defendant for any and all federal crimes that the Defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue.    The Defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy

defense to such a prosecution. The Defendant also understands that a violation of this plea agreement by the Defendant does not entitle the Defendant to withdraw the Defendant's guilty plea(s) in this case.

12. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the Defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the Defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON, III
UNITED STATES ATTORNEY

'00'04- 11:43:42 2022.07.05
_____
Date

By: _____
Franklin P. Clark
Assistant United States Attorney

7\5\22
_____
Date

_Jackie Durham_
Jackie Durham
Defendant

7\5\22
_____
Date

_Myrlene R. Marsa_
Myrlene Marsa
Attorney for the Defendant

Page **8** of **8**